# EXHIBIT A

21TRCV00720
Assigned for all purposes to: Torrance Courthouse, Judicial Officer: Gary Tanaka
Electronically FILED by Superior Court of California, County of Los Angeles on 10/04/2021 06:24 PM Sherri R. Carter, Executive Officer/Clerk of Court, by P. Perez Deputy Clerk

Thomas P. Carter, Esq.
Law Offices of Thomas Carter
904 Manhattan Avenue, 2nd Flr. Suite 5
Manhattan Beach, CA 90266
424-292-8812
thomaspcarterlaw@gmail.com

Attorneys for Plaintiff Paydirt Gold, LLC

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES

| | |
|---|---|
| Paydirt Gold Company, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> Burdock And Associates, Inc., doing business as Burdock Group, and DOES 1 through 50, inclusive, <br><br> Defendants | Case No. 21TRCV00720 <br><br> Complaint for Damages for <br><br> 1. Breach of Written Contract <br> 2. Breach of Covenant of Good Faith and Fair Dealing <br> 3. Professional Negligence <br> 4. Negligence <br> 5. Violation of Business & Professions Code § 6126, et seq. <br> 6. Violation of Business and Professions Code § 17200, et seq. <br><br> UNLIMITED JURISDICTION |

Plaintiff alleges as follows:

1

Complaint for Damages

1. This is an action brought pursuant to the laws of the State of California for breach of written contract, breach of the covenant of good faith and fair dealing, professional negligence, negligence, violation of Busines and Profession Code § 6126, and violation of Business and Professions Code § 17200, et seq.

2. Plaintiff Paydirt Gold Company, LLC is and was, at all times relevant hereto, a limited liability company organized under the laws of the State of Delaware, with its principal place of business located in the City of El Segundo, County of Los Angeles, State of California.

3. Defendant Burdock And Associates, Inc., doing business as Burdock Group (Burdock Group), is a corporation organized under the laws of the State of Florida. Through its website and other media Burdock Group advertises itself to residents and businesses in California.

4. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believe and based thereon allege that each of the fictitiously named Defendants is responsible in some manner for certain occurrences herein alleged, and that Plaintiff' damages herein alleged were proximately caused by their conduct.

5. Plaintiff is informed and believe, and based thereon allege, that at all times herein mentioned, Defendants and each of them, were the agents, partners, managers, officers and employees of each of the Defendants and in doing the things herein alleged, were acting within the scope of such agency, partnership, or employment, and that each Defendant knew of or should have known of and has ratified and approved the acts of his or her agent.

## FACTS COMMON TO ALL ALLEGATIONS

2

Complaint for Damages

6. The Burdock Group holds itself out as an expert in regulatory and labeling issues and compliance, including regulations and labeling requirements issued by state and federal governments, including California. The Burdock Group advertises its services through its website and other media throughout the nation, including California. Specifically, the Burdock Group, through its website and other media, represents to the public in general, and represented to Plaintiff in particular, that it is an expert in compliance with labeling requirements required by law, including, but not limed to, those issued by the Environmental Protection Agency, the Food and Drug Administration, and the California Air Resources Board (CARB).

7. During the summer of 2020, Plaintiff entered into a multi-million-dollar contract with a third-party retailer to provide containers of handwipes for the retailer to sell in its stores to consumers for consumer use. As part of this contract, Plaintiff represented that the products it was providing to the third-party retailer would comply with all state and federal laws and regulations. Plaintiff also entered into a multi-million-dollar contract with a third-party, overseas manufacturer to manufacture the containers of handwipes.

8. On or about July 23, 2020, Plaintiff entered into a written contract with Defendants, and each of them, whereby Defendants agreed to provide their expert advice and consultation to ensure that handwipe containers would be properly labeled to meet all state and federal requirements and all applicable laws for consumer use, including, but not limited to, all EPA, FDA, and CARB requirements. At all times, Defendants represented to Plaintiff that Defendants had the necessary

expertise and training and credentials to provide such advice. A true and correct copy of the contract between Plaintiff and Defendants is attached hereto as Exhibit A.

9. Plaintiff followed Defendants' advice and labeled the handwipe containers according to Defendants' advice and instructions. Approximately four million containers were shipped to California, where approximately one million were quickly distributed to and by the third-party retailer to retail stores across the United States.

10. In October 2020, the third-party retailer contacted Plaintiff because CARB had sent a cease-and-desist letter to them advising the third-party retailer that the handwipe containers' labels violated California Consumer Products Regulations with respect to Volatile Organic Compounds. The third-party retailer then pulled all the handwipe containers from its shelves, cancelled its orders for the remaining wipes, and demanded indemnification from Plaintiff. Because of the improper labeling, Plaintiff cannot sell the handwipe containers to the general public. As a result, Plaintiff has been forced to warehouse the remaining containers resulting in additional and costly storage fees.

**FIRST CAUSE OF ACTION**
(Breach of Written Contract against All Defendants)

4

Complaint for Damages

11. Plaintiff restates and incorporates by reference each and every allegation contained in Paragraphs 1 through 10, inclusive, as though fully set forth herein.

12. Plaintiff, on one hand, and defendants, on the other, entered into a valid written contract for competent advice as to the labeling requirements required by law for Plaintiff's handwipe containers as evidence by the attached Exhibit A.

13. Pursuant to the terms of the agreement, Defendants were required to provide competent advice and instruction as to all labeling requirements required under state and federal law. Further, Defendants represented that they would provide such advice.

14. Plaintiff has performed fully each and all of the conditions, covenants, and obligations imposed upon Plaintiff under the terms of the Contract.

15. Defendants, acted in a manner that demonstrated that defendants understood the terms of the contract and knew what was intended to be done under the contract.

16. Defendants and each of them materially breached their agreements with Plaintiff in numerous respects as described above by failing to provide Plaintiff with competent advice as to the labeling requirements required by law for Plaintiff's product.

17. As a direct and proximate result of defendants,' and each of them, breach of contract, Plaintiff has been damaged in a sum that cannot be ascertained at present, but which is believed to be in excess of the jurisdictional limit of the Court and is estimated to be over $10,000,000. Plaintiff will seek leave to amend this complaint when the exact amount of damage has been ascertained.

## SECOND CAUSE OF ACTION

### (Breach of Covenant of Good Faith and Fair Dealing against All Defendants)

18. Plaintiff restates and incorporates by reference each and every allegation contained in Paragraphs 1 through 17, inclusive, as though fully set forth herein.

19. At all times relevant herein, Defendants agreed to act in good faith and to deal fairly with Plaintiff when they entered into the contract described above. In entering into the contract, (a) Plaintiff entered into the contract to secure peace of mind and for its economic benefit; (b) Plaintiff relied upon the alleged good faith and good name of defendants to carry out their obligations under the contract. Nevertheless, defendants refused and failed to act in good faith and deal fairly with Plaintiff and breached their obligations in numerous respects as described above.

20. Without a reasonable basis for doing so, and with full knowledge and/or reckless disregard of the consequences, defendants failed to provide competent advice as to the proper labels required for Plaintiff's product as described above. Defendants also acted against Plaintiff' economic benefit and to Plaintiff's detriment in the doing the acts described above.

21. Furthermore, Defendants' conduct was done with the knowledge that Plaintiff' financial distress would thereby increase and was done with a wanton and reckless disregard of the consequences to Plaintiff.

22. As a direct and proximate result of Defendants,' and each of them, breach of the covenant of good faith and fair dealing, Plaintiff has been damaged in a sum that cannot be ascertained at present, but which is believed to be in excess of the jurisdictional limit of the Court. Plaintiff will seek leave to amend

this complaint when the exact amount of damage to Plaintiff has been ascertained.

23. Defendants did not commit these acts out of any sincere or proper motive, but did so maliciously, oppressively and fraudulently in the manner and respects alleged above so as to justify an award of punitive damages.

## THIRD CAUSE OF ACTION
### (Professional Negligence
### against All Defendants)

24. Plaintiff restates and incorporates by reference each and every allegation contained in Paragraphs 1 through 23, inclusive, as though fully set forth herein.

25. Defendants and each of them advised Plaintiff in labeling Plaintiff's product. In undertaking the advising of Plaintiff in all regards to the labeling of Plaintiff's product, defendants had a duty to use such diligence, skill, prudence and care which experts of ordinary skill and capacity commonly possess and use.

26. Defendants failed to use reasonable diligence, skill, prudence and care in the advice they gave about labeling Plaintiff's product in that they failed to fully advise as to the requirements for legally sufficient labels to ensure that Plaintiff's labels were legally sufficient. In agreeing to advise Plaintiff, Defendants ignored the extent to which their failure to adequately and properly advise Plaintiff would affect Plaintiff, the foreseeability of harm to Plaintiff and the degree of certainty that Plaintiff would suffer injury.

27. As a proximate result of defendants' professional negligence, Plaintiff has been damaged in an amount not yet ascertained. Plaintiff will seek

leave of court to amend this complaint to state the exact amount of damages when it has been ascertained.

## FOURTH CAUSE OF ACTION
### (Negligence against All Defendants)

28. Plaintiff restates and incorporates by reference each and every allegation contained in Paragraphs 1 through 27, inclusive, as though fully set forth herein.

29. In undertaking to advise Plaintiff in all regards to the labeling of the products, defendants had a duty to use such diligence, skill, prudence and care which experts of ordinary skill and capacity commonly possess and use.

30. Defendants failed to use reasonable diligence, skill, prudence and care in advising Plaintiff about the labeling of Plaintiff's products in that they failed to properly advise Plaintiff about the legal requirements for such labels. Such material information the legal requirements for Plaintiff's labels would have been given by experts of ordinary skill and capacity. Further, defendants blatantly ignored the extent to which their failure to properly advised Plaintiff would affect Plaintiff, the foreseeability of harm to Plaintiff and the degree of certainty that Plaintiff would suffer injury.

31. As a proximate result of defendant's negligence, plaintiff has been damaged in an amount not yet ascertained. Plaintiff will seek leave of court to amend this complaint to state the exact amount of damages when it has been ascertained.

## FIFTH CAUSE OF ACTION

8

Complaint for Damages

**(For violation of Busines and Profession Code § 6126**
**against all Defendants and Does 1 through 50)**

32. Plaintiff restates and incorporates by reference each and every allegation contained in Paragraphs 1 through 31, inclusive, as though fully set forth herein.

33. As described above, defendants and each of them advised Plaintiff as to the law and legal requirements regarding the labeling of products in California. Such advice constituted the unlawful practice of law in California in that Defendants were not licensed by the State of California to practice law.

34. As a direct, foreseeable, and proximate result of the wrongful acts by Defendants, Plaintiff has suffered and will continue to suffer incidental and consequential damages and losses, all in an amount to be proven at time of trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to Civil Code § 3287 and any other provision of law providing for prejudgment interest.

## SIXTH CAUSE OF ACTION

**(Violation of Business and Professions Code §§ 17200 et seq.**
**against All Defendants and DOES 1 to 100, inclusive)**

35. Plaintiff restates and incorporates by reference each and every allegation contained in Paragraphs 1 through 34, inclusive, as though fully set forth herein.

36. In doing the above acts described above, Defendants engaged in unlawful, unfair and fraudulent business practices prohibited by California Business and Professions Code §§ 17200 et seq.

37. As a direct and proximate result of Defendants,' and each of them, wrongful conduct in violating these statutes, Plaintiff has been damaged in a sum that cannot be ascertained at present, but which is believed to be in excess of

9

Complaint for Damages

the jurisdictional limit of the Court. Plaintiff will seek leave to amend this complaint when the exact amount of damage to Plaintiff has been ascertained. Plaintiff claims such sums together with pre-judgment interest and attorneys' fees pursuant to statute including Business and Professions Code § 17200 et seq.

38. Defendants did not commit these acts out of any sincere or proper motive, but did so maliciously, oppressively and fraudulently in the manner and respects alleged above so as to justify an award of punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. For economic damages including, but not limited to, lost earnings, benefits, opportunities, in the amount of $15,000,000.00;

3. For consequential damages including damage to Plaintiff' name brand in the amount of $10,000,000.00;

4. For exemplary and punitive damages in the amount of $1,000,000.00;

5. For costs of suit; and

6. For such further relief as the Court deems just and proper.

Plaintiff further request a trial by jury on all triable issues.

10

Complaint for Damages

Exhibit A
Page 10

LAW OFFICES OF THOMAS CARTER

DATED: October 1, 2021   By: *Thomas P Carter*
Thomas P. Carter
Attorney for Plaintiff

Complaint for Damages

11

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Burdock And Associates, Inc., doing business as Burdock Group, and DOES 1 through 50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Paydirt Gold Company, LLC.

11/19/21 PK
14

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles Superior Court
825 Maple Avenue, Torrance, CA 90505

**CASE NUMBER:** *(Número del Caso):*
**21TRCV00720**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
THOMAS P. CARTER, 904 Manhattan Avenue, Suite 5, Manhattan Beach, CA 90266    424-292-8812

DATE: 10/04/2021    Sherri R. Carter Executive Officer / Clerk of Court    Clerk, by P. Perez    , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Burdock and Associates, Inc.
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.    | Print this form | | Save this form |    | Clear this form |

Exhibit A
Page 12

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | | FOR COURT USE ONLY |
|---|---|---|
| Thomas Carter, SBN 166625, Law Offices of Thomas Carter<br>904 Manhattan Ave., Suite 5, Manhattan Beach, CA 90266 | | |
| TELEPHONE NO.: 424-292-8812    FAX NO. (Optional): | | |
| E-MAIL ADDRESS: thomaspcarterlaw@gmail.com | | |
| ATTORNEY FOR (Name): Plaintiff Paydirt Gold Company, LLC | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 825 Maple Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Torrance, CA 90505
BRANCH NAME: Southwest District

**CASE NAME:**
Paydirt Gold Company, LLC v. Burdock And Associates, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: | 21TRCV00720 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[x] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* 6
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 1, 2021
Thomas P. Carter
(TYPE OR PRINT NAME)     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) (if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death
- Product Liability (not asbestos or toxic/environmental) (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) (not civil harassment) (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice (not medical or legal)
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)
  - Contract/Warranty Breach–Seller Plaintiff (not fraud or negligence)
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage (not provisionally complex) (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property (not eminent domain, landlord/tenant, or foreclosure)

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) (if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims (arising from provisionally complex case type listed above) (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment (non-domestic relations)
  - Sister State Judgment
  - Administrative Agency Award (not unpaid taxes)
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint (not specified above) (42)
  - Declaratory Relief Only
  - Injunctive Relief Only (non-harassment)
  - Mechanics Lien
  - Other Commercial Complaint Case (non-tort/non-complex)
  - Other Civil Complaint (non-tort/non-complex)

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition (not specified above) (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

To keep other people from seeing what you entered on your form, please press the Clear This Form button at the end of this form when finished.

| SHORT TITLE: Payort Gold Company, LLC v. Burcock And Associates, in | CASE NUMBER 21TRCV00720 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL ____ ☐ HOURS/ ☐ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

#### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |

| CIV 109 03-04 (Rev. 03/06)<br>LASC Approved | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | LASC, rule 2.0<br>Page 1 of 4 |

Exhibit A
Page 15

SHORT TITLE: Payoirt Gold Company, LLC v. Burdock And Associates, In

CASE NUMBER:

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | | |
| Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | ☑ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3 |
| Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012 Other Promissory Note/Collections Case | 2., 5 |
| Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5 |
| | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation   Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | ☐ A6032 Quiet Title | 2., 6 |
| | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Judicial Review Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6 |
| Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5 |

CIV 109 03-04 (Rev. 03/09)   CIVIL CASE COVER SHEET ADDENDUM   LASC rule 2.0
LASC Approved        AND STATEMENT OF LOCATION        Page 2 of 4

Exhibit A
Page 16

| SHORT TITLE: Paydirt Gold Company, LLC v. Burcock And Associates, In | | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment<br>(20) | ☐ A6141  Sister-State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| CIV 109 03-04 (Rev. 03/06)<br>LASC Approved | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | LASC, rule 2.0<br>Page 3 of 4 |
|---|---|---|

| SHORT TITLE | CASE NUMBER |
|---|---|
| Paydirt Gold Company, LLC v. Burdock And Associates, In | |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: 111 Penn Street |
|---|---|
| ☐1. ☐2. ✓3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |
| CITY: El Segundo | STATE: CA | ZIP CODE: 90245 | |

Item IV. Declaration of Assignment: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Superior courthouse in the Southwest District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: October 1, 2021


*Thomas P Carter*
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet form CM-010.
4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 03-04 (Rev. 03/06).
5. Payment in full of the filing fee, unless fees have been waived.
6. Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

CIV 109 03-04 (Rev. 03/06)   CIVIL CASE COVER SHEET ADDENDUM   LASC, rule 2.0
LASC Approved   AND STATEMENT OF LOCATION   Page 4 of 4

Exhibit A
Page 18